Dear Director Fields,
¶ 0 This office has received your request for an official Opinion wherein you asked the following questions:
1. Under the dual office holding prohibition in 51 O.S.Supp.1994, § 6[51-6], is a probation and parole officer prohibited fromholding a part-time position as a municipal police officer?
2. Does a conflict exist, under Article II, § 11 of the OklahomaConstitution, when a probation and parole officer works as apart-time municipal police officer?[1]
¶ 1 The dual office holding prohibition in 51 O.S.Supp. 1994,§ 6[51-6] provides, in part, that:
 [N]o person holding an office under the laws of the state and no deputy of any officer so holding any office shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the state.
¶ 2 An analysis of the dual office holding prohibition question begins with a determination of whether both of the positions are "offices." The Oklahoma Supreme Court, in Oklahoma City v.Century Indemnity Co., 62 P.2d 94, 97 (Okla. 1936), set forth a three-pronged test to use in determining what a public office is. The Court stated:
 Many authorities hold that the chief elements of a public office are: (a) The specific position must be created or authorized by law; (b) there must be certain definite duties imposed by law on the incumbent; and (c) they [the duties] must involve the exercise of some portion of the sovereign power,
"a position which has these three elements is presumably an `office,' while one which lacks any of them is a mere `employment.'" [Citations omitted.]
Id. at 97 (emphasis added).
¶ 3 Applying this test to the probation and parole officer position, we conclude that the position is an office within the purview of 51 O.S.Supp. 1994, § 6[51-6]. The position is created by law, specifically 57 O.S. 1991, § 515[57-515]. There are certain definite duties imposed by law on probation and parole officers. For instance, 57 O.S.Supp. 1994, § 512[57-512], requires probation and parole officers to supervise inmates who have been granted parole; Section 516 of Title 57 requires probation and parole officers to notify the Department of Corrections when they believe a parolee has violated the terms and conditions of his parole; and Section 332.8 of Title 57 requires probation and parole officers to assist persons making application for parole in obtaining suitable employment or residence.
¶ 4 Finally, probation and parole officers exercise sovereign power. In Guthrie Daily Leader v. Cameron, 41 P. 635, 637
(Okla. 1895), the Court described the exercise of sovereign power as follows:
 The term `office' implies a delegation of some portion of the sovereign power to, and a possession of it by the person filling the office, and the exercise of such power within legal limits constitutes the correct discharge of the duties of such office. . . . [I]t is a legal power, which may be rightfully exercised, and, in its effects, will bind the rights of others, and be subject to revisions and corrections only according to the standing laws of the state.
¶ 5 All probation and parole officers are deemed peace officers and possess the powers granted by law to peace officers. 57 O.S.1991, § 515[57-515]. Title 63 O.S. 1991, § 2-501[63-2-501] designates the powers of peace officers to include the power to carry firearms,execute search warrants, make arrests, and seize property — all exercises of sovereign power.
¶ 6 Applying the Oklahoma City v. Century Indemnity Co. test to a municipal police officer position, we find that the position is also an office within the meaning of Section 6 of Title 51. Municipalities are created by statute, and they, in turn, create police officer positions in accordance with their charters and invest police officers with a portion of the sovereign's power to arrest, search and seize. See Attorney General Opins. 77-180 and 90-32. Title 11 O.S. 1991, § 34-101[11-34-101](A) imposes definite duties upon municipal police officers:
 A municipal police officer shall at all times have the power to make or order an arrest for any offense against the laws of the State of Oklahoma or of the ordinances of the municipality. He shall have such other powers, duties and functions as may be prescribed by law or ordinance.
¶ 7 Because both positions are considered offices, it would be a violation of the provisions of 51 O.S.Supp. 1994, § 6[51-6] for a person to serve in both positions simultaneously. Section 6 cites numerous exceptions to the general prohibition including exceptions pertaining to law enforcement officers; however, none of these exceptions allows a probation and parole officer to hold a position as a municipal police officer. Furthermore, Section 6 makes no distinction between part-time and full-time offices. As such, this status is not relevant to this discussion.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
A probation and parole officer acting pursuant to 57 O.S.1991, § 515[57-515] and a municipal police officer exercising powersunder 63 O.S. 1991, § 2-501[63-2-501] and 11 O.S. 1991, § 34-101(A)are both officers. As such, the dual office holding prohibitionin 51 O.S.Supp. 1994, § 6[51-6] prohibits a probation and paroleofficer from holding either a part-time or full-time position asa municipal police officer.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JUDY A. TERRY ASSISTANT ATTORNEY GENERAL
[1] Because we conclude that under the provisions of 51O.S.Supp. 1994, § 6[51-6], a probation and parole officer may not also hold a municipal police officer position, we find it unnecessary to address your second question.